**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| 4709 INCORPORATED, D/B/A MIDTOWN LIVE SPORTS CAFÉ, | § § § § | CASE NO. 14-10340-TMD Chapter 11 |
| DEBTOR | § | |

| | | |
|---|---|---|
| 4709 INCORORATED, d/b/a MIDTOWN LIVE SPORTS CAFÉ, Plaintiff, | § § § | ADVERSARY CASE |
| v. | § § § | NO. 20-01081-TMD |
| JOHN HOBERMAN Defendant | § § | |

**DEFENDANT JOHN HOBERMAN'S ORIGINAL**
**ANSWER, 12(b)(1) MOTION AND COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES JOHN HOBERMAN, Defendant herein, and makes his Answer to Plaintiff's Original Complaint, 12(b)(1) Motion and Counter-claim:

1. Defendant denies the allegation contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegation contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 and further denies that counsel who has filed this adversary proceeding, have the authority of 4709 Incorporated to proceed with this matter in its behalf.

4. Defendant denies the allegation contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegation contained in Paragraph 5 of the Complaint.

6. Defendant admits that a voluntary petition for bankruptcy was filed and that an Amended Plan of Reorganization was confirmed by the Court on November 6, 2015, however denies that the plan was implemented as required by 11 USC §1142 and would show the bankruptcy proceeding was dismissed by order of this Court.

7. Defendant denies the allegation contained in Paragraph 7 of the Complaint as it relates to this Defendant.

8. Defendant denies the allegation contained in Paragraph 8 of the Complaint as it relates to this Defendant.

9. Defendant denies the allegation contained in Paragraph 9 of the Complaint is accurate as it relates to this Defendant or the claims made part of this proceeding.

10. Defendant admits that the approved reorganization plan provided that the Cameron Property was to be transferred to Hoberman by deed in lieu of foreclosure and that a lease back of a portion of the property was permitted.

11. Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegation contained in Paragraph 11 of the Complaint.

12. Defendant admits that while 4709 Incorporated held deed to the property it did not comply with the provisions of the plan and deliver a deed in lieu of foreclosure and further, for a period of time, 4709 Incorporated continued to make payments in the amount of $19,490.74. Otherwise, the allegations are denied.

13. Defendant admits that Selena Cash, Anthony Sheridan and John Hoberman entered into a Management and Financial Stabilization agreement in December 2017, otherwise, the allegations contained in Paragraph 13 of the Complaint are denied.

14. Defendant admits that in 2018, payments made on the property were at times $5,000.00 per week, but otherwise denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegation contained Paragraph 15 of the Complaint.

16. Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegation contained Paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegation contained Paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of the allegation contained Paragraph 18 of the Complaint.

19. Defendant admits that Arletha Cash has filed suit in Travis County Probate Court seeking a declaratory judgment that she is the owner of 4709 Incorporated and seeking to set aside the transfer of assets to CCS Asset Management, Inc., but denies that the allegations have been resolved.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegation contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegation contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegation contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegation contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

**12(B)(1) CHALLENGE TO JURISDICTION**

29. In order to pursue a claim and invoke the jurisdiction of this court, the party bringing the claim must have standing to do so. The standing inquiry is jurisdictional and focuses on the ability of a party to bring claims before a federal court, not on the issues on which adjudication is sought. *James v. City of Dallas, Tex.* 254 F.3d 551, 562-63 (5th Cir. 2001). When a party lacks standing to pursue a claim, it must be dismissed for want of jurisdiction.

30. Texas law provides that the board of directors of a corporation shall "exercise or authorize the exercise of the powers of the corporation" and "direct the management of the business and affairs of the corporation." TEX. BUS. ORG. CODE § 21.401. Among the powers of the corporation is the power to "sue, be sued, and defend suit in the entity's business name." TEX. BUS. ORG. CODE § 2.101(1). See also, *Pace v. Jordan*, 999 S.W.2d 615, 622 (Tex. App.—Houston [1st Dist.] 1999) ("A corporation's directors, not its shareholders, have the right to control litigation of corporate causes of action."). In fact, even during the winding up process, a Texas corporation "may prosecute or defend a civil, criminal, or administrative action." TEX. BUS. ORG. CODE § 11.052. See also, *Engenium Sols., Inc. v. Carr*, No. H-10-4412, 2012 U.S. Dist. LEXIS 188365, at *22-23 (S.D. Tex. 2012). As more fully set forth below, in the counter-claim the real party bringing this claim—Arletha Cash—in not an officer or director of the debtor and does not have standing to bring this claim.

**OBJECTION TO REQUEST FOR INJUNCTION**

31. Plaintiff herein seeks an injunction and thus Rule 65 applies to this proceeding. Plaintiff herein, does not plead and cannot prove the standards for issuance of an injunction. USCS Bankruptcy R 7065. Here, Plaintiff alleges that Hoberman proceeding on foreclosure on the property violates the plan and impairs a significant asset of the estate. However, the evidence

demonstrates that the property subject is not an asset of the debtor. Further, with the exception of a lease interest, the plan alienated debtor's interest in the asset. Because Plaintiff cannot demonstrate a violation of the stay, an actual ownership interest in the property that affects the plan discharge, standing to object to foreclosure and/or standing to assert an objection, Plaintiff cannot demonstrate a basis for injunction under law.

## COUNTER CLAIM

32. By way of Counter-claim, Defendant and Counter-Plaintiff John Hoberman seeks sanctions and attorney's fees against Petitioner and Real Party in Interest and their counsel because there is no standing to bring this claim on behalf of 4709 Incorporated and further because the claims are factually and legally groundless, asserted without reasonable cause, and for an improper purpose. In support thereof, John Hoberman would show:

33. Based on the pending probate proceedings pending in Travis County Probate Court before the Honorable Guy Herman, and further based on the allegations in footnote 1 of the Complaint asserted before this Court, Arletha Cash as the Independent Administrator of the Estate of Selena Cash, Deceased alleges that Selena Cash was, prior to her death, the 100% sole shareholder of 4709 Incorporated. Arletha Cash has filed suit in Travis County Probate Court seeking an adjudication that she (and other beneficiaries) are entitled to control 4709 Incorporated by virtue of inheritance and based on allegations of misconduct against Anthony Sheridan. For the reasons more fully set forth below, it is believed that the true party herein is not 4709 Incorporated, but rather Arletha Cash. It is further believed that Arletha Cash retained counsel who have filed this complaint, and was not by 4709 Incorporated. Because Arletha Cash's counsel is adverse to 4709 Incorporated's Board of Directors they could not represent both 4709 Incorporated acting through

5

its board of directors and Arletha Cash.[1] The Travis County Probate Court has yet to adjudicate or confer any rights related to 4709 Incorporated to Arletha Cash. Thus, Arletha Cash and her attorneys are not authorized representatives of 4709 Incorporated and have no standing to bring this proceeding.

34. The records on file with the Texas Secretary of State demonstrate that in 2019 and in 2020 4709 Incorporated's President and Secretary is William Sheridan and its Treasurer is LM Rivers. *See Exhibits A and B attached to herein and incorporated by reference.* Neither Mr. Sheridan or Mr. Rivers has authorized Ms. Cash, or her attorneys to pursue this proceeding on behalf of 4709 Incorporated.

35. Possession and control of the real property in question and all assets of 4709 Incorporated including the operations of Midtown Live have been vested, by order of the Travis County Probate Court, in Receiver Anthony Icenogle. *See Exhibit C, attached to herein and incorporated by reference.* Mr. Icenogle as receiver has not authorized the real party in interest or her counsel to bring this proceeding.

36. 4709 Incorporated has no legal interest in the property that is seeks this court to enjoin John Hoberman from foreclosing upon for several reasons. First, 4709 Incorporated transferred all interest in the property by deed to CCS Management, subject to the interests of record of John Hoberman on January 9, 2018. *See Exhibit D, attached hereto and incorporated by reference.* Second, while John Hoberman contends that the dismissal of the bankruptcy returned the parties to their pre-petition status, to the extent true parties in interest seek to avail themselves of the

---

[1] Paragraphs 38-40 of Plaintiff's First Amended Petition in Cause No. C-1-PB-19-002179, Styled *Arletha Cash, Independent Executor of the Estate of Selena D. Cash, Deceased v. Anthony L. Sheridan, et. al*, pending in the Probate Court No. 1 of Travis County, Texas alleges that on February 18, 2018, Sheridan as sole shareholder signed a Board Resolution on behalf of 4709 Incorporated appointing Sheridan as President and are challenging that authority by virtue of their alleged inheritance of Selena Cash's estate.

confirmation of the 2nd Amended Reorganization Plan, that same plan divested 4709 Incorporated of interest in the land, with the exception of a potential leasehold. The plan specifically provided:

> 6.05.01 Ownership of the Property shall be transferred and the leases in the Property (as described below in Article VIII) shall be assumed by the Debtor and assigned to Hoberman and/or his designated assignee(s) on the Effective Date, but effective as of February 2, 2015, by a deed-in-lieu of foreclosure.

37. When the Court dismisses a case improperly brought by a putative shareholder on behalf of a corporation, the Court may award attorney's fees and expenses to any defendant upon finding that the suit was not well grounded in fact; was not warranted by existing law or a good faith argument for the application, extension, modification, or reversal of existing law; or was interposed for an improper purpose, such as to harass, cause unnecessary delay, or cause a needless increase in the cost of litigation. TEX. BUS. ORG. CODE § 21.561.

38. Here, Plaintiff asserts rights in the name of an existing corporation despite no right to do so and for the sole purpose of circumventing a trial court order permitting foreclosure by the only court that has jurisdiction of the controversy. *See Exhibit E, Order permitting foreclosure.* Thus, fees are warranted.

39. In the remote event that this Court determines that real party in interest herein has standing to pursue this claim on behalf of 4709 Incorporated, and that the approved plan created an enforceable judgment and/or contractual right as between John Hoberman and 4709 Incorporated, then John Hoberman sues for specific performance of 4709 Incorporated's obligation to deed the property to him and for damages and attorney fees incurred as a result of 4709 Incorporated's failure to comply with the plan approved by this Court.

**FOR THE ABOVE REASONS,** Defendant respectfully prays that:

- A. The case be dismissed;

- B. Plaintiff take nothing from them by way of this action;

- C. The Court award such relief that John Hoberman may be entitled and assess costs against Plaintiff and award Defendant attorney fees; and

- D. Such other and further relief to which this Defendant may be entitled.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, Texas 78755-0300
512-338-5322
512-338-5363 telecopier

By: _____
David Brenner
State Bar No. 02958020
dbrenner@bajb.com

Attorney for John Hoberman

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the parties listed below, this 30th day of December 2020 in accordance with Rule 5 of the Federal Rules of Civil Procedure.

C. Daniel Roberts
droberts@cdrlaw.net
C. Daniel Roberts, P.C.
1602 E. Cesar Chaves
Austin, Texas 78702

&

Kemp Gorthey
kemp@gortheylaw.com
Elizabeth Con Kreisler
elizabeth@gortheylaw.com
604 West 12th Street
Austin, Texas 78701

_____
David Brenner

| 05-102 (Rev.9-15/33) | Texas Franchise Tax Public Information Report |
|---|---|
| | To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions |

■ **Tcode** 13196 Franchise

■ Taxpayer number: 1 7 4 2 5 6 8 4 3 5 8
■ Report year: 2 0 1 9

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

Taxpayer name: 4709 Incorporated

Mailing address: 13276 N Highway 183 Suite 208

City: Austin   State: TX   ZIP code plus 4: 78750

○ Blacken circle if the mailing address has changed.

Secretary of State (SOS) file number or Comptroller file number: 0114970900

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office:
Principal place of business:

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

**Please sign below!** This report must be signed to satisfy franchise tax requirements.

1000000000000

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration |
|---|---|---|---|
| Anthony Sheridan | VP | ● YES | |
| Mailing address: 13276 N Highway 183 208   City: Austin   State: TX   ZIP Code: 78750 | | | |
| LM Rivers JR | Secretary | ● YES | |
| Mailing address: 13276 N Highway 183 283   City: Austin   State: TX   ZIP Code: 78750 | | | |
| Williams Sheridan | President | ● YES | |
| Mailing address: 13276 N Highway 183   City: Austin   State: TX   ZIP Code: 78750 | | | |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file *(see instructions if you need to make changes)*
Agent:
Office:   City:   State:   ZIP Code:

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

sign here ▶ [signature]   Title: VP   Date: 9-3-19   Area code and phone number: (325) 374-1222

**Texas Comptroller Official Use Only**

VE/DE ○   PIR IND ○

EXHIBIT A

# Texas Franchise Tax Public Information Report

Comptroller 05-102
of Public
Accounts (Rev.9-11/30)
FORM

■ Tcode 13196 Franchise

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ Taxpayer number: 1 7 4 2 5 6 8 4 3 5 8

■ Report year: 2 0 2 0

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381 or (512) 463-4600.*

**Taxpayer name:** 4709 INCORPORATED, D/B/A MIDTOWN LIVE

**Mailing address:** 13276 N HIGHWAY 183 STE 208

**City:** AUSTIN **State:** TX **ZIP Code:** 78750 **Plus 4:**

**Secretary of State (SOS) file number or Comptroller file number:** 0114970900

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office:
Principal place of business:

**EXHIBIT B**

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

*Please sign below!*

1742568435820

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | Term expiration |
|---|---|---|---|
| LM RIVERS JR | TREASURER | ○ YES | mm dd yy |
| Mailing address: 13276 NORTH HIGHWAY 183 SUITE 208 | City: AUSTIN | State: TX | ZIP Code: 78750 |
| WILLIAM SHERIDAN | SECRETARY | ○ YES | mm dd yy |
| Mailing address: 13276 NORTH HIGHWAY 183 SUITE 208 | City: AUSTIN | State: TX | ZIP Code: 78750 |
| WILLIAM SHERIDAN | PRESIDENT | ○ YES | mm dd yy |
| Mailing address: 13276 NORTH HIGHWAY 183 SUITE 208 | City: AUSTIN | State: TX | ZIP Code: 78750 |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*  ○ Blacken circle if you need forms to change the registered agent or registered office information.

**Agent:** AUDIT GUARD INC.
**Office:** 13276 NORTH HIGHWAY 183 SUITE 208 **City:** AUSTIN **State:** TX **ZIP Code:** 78750

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

**sign here ▶** Anthony L Sheridan **Title:** Electronic **Date:** 01-03-2020 **Area code and phone number:** ( 325 ) 374 - 1222

**Texas Comptroller Official Use Only**

VE/DE ○  PIR IND ○

# Texas Franchise Tax Public Information Report

Comptroller 05-102
of Public (Rev.9-11/30)
Accounts
FORM

To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600. |
|---|---|---|
| 1 7 4 2 5 6 8 4 3 5 8 | 2 0 2 0 | |

| Taxpayer name | 4709 INCORPORATED, D/B/A MIDTOWN LIVE | | | |
|---|---|---|---|---|
| Mailing address | 13276 N HIGHWAY 183 STE 208 | | | Secretary of State (SOS) file number or Comptroller file number |
| City AUSTIN | State TX | ZIP Code 78750 | Plus 4 | 0114970900 |

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office

Principal place of business

**Please sign below!**  Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

1742568435820

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | Term expiration m m d d y y |
|---|---|---|---|
| ANTHONY SHERIDAN | VICE-PRESI | ○ YES | |
| Mailing address 13276 NORTH HIGHWAY 183 SUITE 208 | City AUSTIN | State TX | ZIP Code 78750 |
| Name | Title | Director ○ YES | Term expiration |
| Mailing address | City | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration |
| Mailing address | City | State | ZIP Code |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*   ○ Blacken circle if you need forms to change the registered agent or registered office information.

Agent: **AUDIT GUARD INC.**

| Office: 13276 NORTH HIGHWAY 183 SUITE 208 | City AUSTIN | State TX | ZIP Code 78750 |
|---|---|---|---|

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ Anthony L Sheridan | Title Electronic | Date 01-03-2020 | Area code and phone number ( 325 ) 374 - 1222 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

VE/DE ○    PIR IND ○

2020 JUL 13 PM 12:0
DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

Cause No. C-1-PB-19-002179

| | | |
|---|---|---|
| ARLETHA CASH, Independent Executor of the Estate of Selena D. Cash, Deceased, *Plaintiff* | § § § § § | IN THE PROBATE COURT |
| v. | § § | |
| | § | NO. 1 OF |
| ANTHONY L. SHERIDAN, WILLIAM SHERIDAN, LINDA SHERIDAN, CEAIRA C. SHERIDAN, CCS ASSET MANAGEMENT, INC., JOHN HOBERMAN and ALMAGEN LLC, *Defendants* | § § § § § § § § | TRAVIS COUNTY, TEXAS |

[Estate of Selena D. Cash,
Cause No. C-1-PB-19-001700]

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF A RECEIVER

On February 18, 2020, this matter came before the Court for consideration of Plaintiff's Application for Appointment of a Receiver. Having considered the Application and the evidence presented, the Court FINDS and ORDERS as follows:

1. The Application is well taken and should be granted.

2. This is an action by a purported grantor of real property to vacate an alleged fraudulent purchase of property under Section 64.001(a)(1) of the Texas Civil Practice & Remedies Code, and is a case in which a receiver should be appointed under rules of equity under Section 64.001(a) of the Texas Civil Practice & Remedies Code.

3. Plaintiff sufficiently established at the hearing that if their allegations are proven true, they will have a probable right to recovery of the Property and Business (as described below) and that the Property is in danger of being lost or materially injured.

4. Plaintiff also sufficiently established at the hearing that if their allegations are proven true, Defendants have engaged in acts in the nature of fraud and undue advantage and persist in the use

**EXHIBIT C**

and operation of the Property and the Business resulting in injury and loss to Plaintiff.

5. Pursuant to Chapter 64 of the Texas Civil Practice & Remedies Code, Anthony Icenogle is appointed Receiver of the following:

(a) The real property and all improvements located thereon at Lot 2, Re-subdivision of Lot 11, Reagan Hill, a subdivision in Travis County, Texas, according to the map or plat thereof recorded in Volume 92, Page 65, of the Plat Records of Travis County, Texas (the "Property"); and

(b) All businesses located or conducted on the Property by any of the Defendants, including, without limitation, the Midtown Live Club and the business of leasing rental units at the Property, and all property, real or personal, tangible or intangible, associated therewith (the "Business").

6. Defendants, Anthony L. Sheridan, William Sheridan, Linda Sheridan, Ceaira C. Sheridan, CCS Asset Management, Inc. and their representatives, officers, agents, servants, employees, brokers, facilitators, trustees, escrow agents, accountants, and all of their employees and all other persons who receive or acting in concert or participation with them or on their behalf who receive actual notice of this Order by personal service or otherwise, are ORDERED to and shall promptly surrender and turn over to the Receiver possession and control of the Property and the Business.

7. The Receiver is empowered with the fullest authority under Texas law and in equity to take possession of and exercise control over the Property and the Business.

8. The Receiver is authorized, without breaching the peace and, if necessary, with the insistence of any Constable, Sheriff, or Deputy Sheriff, or any other peace officer with notice of this Order to enter and secure any premises and property associated with the Property or the Businesses.

9. As Receiver, Anthony Icenogle will be entitled to receive his attorney's fees for his actions as Receiver but will not be entitled to a commission as Receiver. The Receiver shall be compensated by revenues from the Property and the Business for his time at the rate of $325 per hour and shall submit commercially reasonably detailed invoices to the Court. The Receiver's charges shall be taxed as costs of court.

10. The Receiver is ordered to post a bond in the amount of $1000.00 to this Court upon his faithful discharge of his duties in accordance with this Order. The Receiver is ordered to

2

take the oath of office.

11. Except for an act of intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by a person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the Receivership, including, the exercise of control over the property described herein.

12. The Court anticipates entering a subsequent Order in a form more fully defining the Receivership. Until such time, in order to protect the Property and the Business pending the Receiver's taking possession of and exercising control over the Property and the Business, the provisions of the Temporary Restraining Order entered herein on November 21, 2019, as extended by the Rule 11 Agreement filed herein on December 16, 2019, are continued in full force and effect.

SIGNED this _____ day of _____, 2020.

07/10/2020
_____
GUY S. HERMAN, Judge Presiding

HONORABLE PROBATE JUDGE
TRAVIS COUNTY PROBATE COURT

APPROVED AS TO FORM:
/s/Kemp Gorthey
Attorney for Plaintiff

/s/ Leonard Woods
Attorney for Defendants

/s/ Anthony Icenogle
Receiver

3

PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Date: January 9, 2018

TRV 2018005497
3 PGS

Grantor: **4709 Incorporated, d/b/a Midtown Live, a Texas corporation**

Grantor's Mailing Address (including county): **7602 Brookhollow Cove**
**Austin Texas 78752**
**Travis County**

Grantee: **CCS Asset Management Inc., a Texas corporation**

Grantee's Mailing Address (including county): **111 Congress Avenue 4th Floor**
**Austin Texas 78701**
**Travis County**

Consideration: TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, and a wrap around note of even date that is in the principal amount of **Note Amount** DOLLARS ($1,700,000.00) and is executed by Grantee, payable to the order of **Seller**. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to Daniel Nelson, Trustee.

Property (including any improvements):

**Lot 2, Re-subdivision of Lot 11, REAGAN HILL, a subdivision in Travis County, Texas, according to the map or plat thereof recorded in Volume 92, Page 65, of the Plat Records of Travis County.**

Reservations from and Exceptions to conveyance and Warranty:

This conveyance is made and accepted subject to conditions, restrictions, and easements appearing of record, if any, in Travis County, Texas, which affect the hereinabove described property; and

Grantee understands and agrees that Grantee is buying the Property "as is--where is" with no representations or warranties as to fitness or use for a particular purpose. Grantee has made an examination of the Property prior to closing and has had reasonable access to the property prior to closing to determine the condition and prior use of the Property. The purchase price of the Property was negotiated based upon the current condition of the Property. Grantor makes no representations or warranties and specifically disclaims having made any representations or warranties of any kind or nature about the condition or prior use of the Property, including, but not limited to any environmental matters. Grantee is not relying on any representations made by Grantor concerning any prior use or condition of the Property. After closing, Grantee and Grantee's successors and assigns, will make no claim against Grantor concerning the condition of the Property and/or any prior use of the Property and shall indemnify and save Grantor harmless from any and all claims made after closing

**EXHIBIT D**

any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

But it is expressly agreed that the VENDOR'S LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described note and all interest thereon is fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.

**Seller**, at Grantee's request, has paid in cash to Grantor that portion of the purchase price of the property that is evidenced by the note described. The vendor's lien and superior title to the property are retained for the benefit of **Seller** and are transferred to that party without recourse on Grantor.

This conveyance is made subject to the prior lien secured by Deed of Trust, Extensions and a Transfer recorded in Document #2011137642, #2012004604, #2013019734 and #2015025866 of the Official Public Records of Travis County, Texas, from **Seller** to **Original County Trustee**, Trustee, which secures payment of a promissory note in the original principal amount of **Original Loan Amount** DOLLARS ($1,100,000.00). Grantee in this deed does not assume payment of that **$Orig. Loan Amt.** note. Payee of the wraparound note is obligated to pay all installments on the $Orig. Loan Amt note as they fall due. In the event of default in payment of that **$Orig. Loan Amt.** note, Grantee shall have the right to cure any such default as long as Grantee is not in default in payment of the wraparound note or in performance of the covenants of the deed of trust securing it. If Grantee cures a default in payment of the **$Orig. Loan Amt.** note, Grantee may receive credit on the wraparound note for all amounts so paid as of the date of the payment, in the manner that Grantee directs.

When the context requires, singular nouns and pronouns include the plural.

EXECUTED this the 9th day of January, A.D. 2018,

           **4709 INCORPORATED D/B/A**
           **MIDTOWN LIVE**

           BY: _____
           Selena Cash, Director and President

STATE OF TEXAS     §
COUNTY OF TRAVIS  §

This instrument was acknowledged before me on the 9th day of January, 2018, by Selena Cash as a Director and President of 4709 Incorporated d/b/a Midtown Live, a Texas corporation, on behalf of that corporation.

Return:
Anthony Sheridan
111 Congress Ave #400
Austin TX 78701

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Jan 11, 2018  02:55 PM   2018005497
GONZALESM: $34.00
Dana DeBeauvoir, County Clerk
Travis County  TEXAS

FILED FOR RECORD
2020 NOV 30 PM 04:49
DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

Cause No. C-1-PB-19-002179

| | | |
|---|---|---|
| ARLETHA CASH, Independent Executor of the Estate of Selena D. Cash, Deceased, *Plaintiff* | § § § § § | IN THE PROBATE COURT |
| v. | § § | NO. 1 OF |
| ANTHONY L. SHERIDAN, WILLIAM SHERIDAN, LINDA SHERIDAN, CEAIRA C. SHERIDAN, CCS ASSET MANAGEMENT, INC., JOHN HOBERMAN and ALMAGEN LLC, *Defendants* | § § § § § § § | TRAVIS COUNTY, TEXAS |

[Estate of Selena D. Cash,
Cause No. C-1-PB-19-001700]

**ORDER ON DEFENDANT JOHN HOBERMAN'S MOTION
FOR LEAVE TO PROCEED WITH FORECLOSURE**

On November 24, 2020, this matter came before the Court for consideration of Defendant John Hoberman's Motion for Leave to Proceed with Foreclosure. Having considered the Motion, the Court finds that it should be GRANTED in part as to the right of foreclosure, and DENIED in part as to the date of the foreclosure. The Court authorizes the foreclosure to occur on February 2nd, 2021, at 10:00 a.m.

It is so ORDERED that John Hoberman is authorized to exercise his right of foreclosure on February 2nd, 2021, at 10:00 a.m.

All other relief in the Motion is DENIED.

11/30/2020

GUY S. HERMAN, Judge Presiding

HONORABLE PROBATE JUDGE
TRAVIS COUNTY PROBATE COURT

**EXHIBIT E**