

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 05, 2021.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-10340-TMD |
| 4709 INCORPORATED, | § | CHAPTER 11 |
|    Debtor. | § | |

| | | |
|---|---|---|
| 4709 INCORPORATED, | § | |
|    Plaintiff, | § | |
| | § | ADV. NO. 20-01081-TMD |
| v. | § | |
| | § | |
| JOHN HOBERMAN, | § | |
|    Defendant. | § | |

### ORDER ABSTAINING AND DISMISSING ADVERSARY PROCEEDING

On December 12, 2020, the Plaintiff, 4709 Incorporated, filed this adversary proceeding and requested a preliminary injunction to stop a foreclosure [ECF 1]. As grounds for the preliminary injunction, the Plaintiff invokes the injunction in the confirmation order in the main chapter 11 case, No. 14-10340. That chapter 11 case was filed in March of 2014 and the confirmation order approving the plan was entered in November of 2015. That plan provided that the subject property would be transferred to the Defendant, John Hoberman, through a deed in

1

lieu of foreclosure and then Hoberman would enter into a lease with the Plaintiff. For reasons unknown, the property was never transferred to Hoberman and a lease was never executed. About a year after the plan was confirmed, the chapter 11 case was dismissed on motion of the United States Trustee for failure to file monthly operating reports and pay statutory fees.

In August of 2018, the principal of 4709 during the chapter 11 case, Selena Cash, filed an individual chapter 7 case. Ms. Cash passed away about a year later. In September of 2019, the chapter 7 trustee filed an adversary proceeding, No. 19-1064, seeking to set aside a post-confirmation transfer of 4709's property to an entity called CCS Asset Management. During the adversary proceeding, the Court entered a temporary restraining order against the transferees, but ultimately abstained because the issues involved were better decided in state court.

Shortly thereafter, the executor of Selena Cash's estate, Arletha Cash, filed an action in probate court seeking a declaratory judgment that the estate of Selena Cash owns 100% of 4709 and to set aside the transfer to CCS Asset Management. During the probate proceeding, Hoberman filed a motion asking the probate court for authority to proceed with foreclosure and the probate court granted the motion. The Plaintiff now asks this Court to enforce the injunction contained in 4709's chapter 11 plan and stay the foreclosure proceeding.

Ultimately, the entirety of this dispute should be resolved in either a state or a federal court. As so much of the dispute is already pending in probate court, Arletha Cash's chosen forum, the probate court should resolve the issues presented in this adversary proceeding, including Arletha Cash's standing to act on behalf of the Plaintiff, the effect of the confirmation order, the effect of the discharge, and whether the plan can be enforced as a contract. If this Court were to weigh in and enter a partial ruling on a limited aspect of the case, it would frustrate

the efforts of the probate court to resolve this matter as a whole.[1] In addition, regardless of the effect of the dismissal on the confirmation order or the discharge, and as a matter of discretion, the Plaintiff should not be allowed to ask the bankruptcy court to enforce rights in a case that it failed to maintain by failing to discharge the basic duties of a debtor. Therefore, the Court finds that it should abstain from hearing this adversary proceeding under 11 U.S.C. § 1334(c), and that this adversary proceeding should be dismissed.

ACCORDINGLY, IT IS ORDERED that the Court abstains from hearing this adversary proceeding.

IT IS FURTHER ORDERED that this adversary proceeding is dismissed.

# # #

---

[1] This Court is all too familiar with the unseemly ploy of parties using interim rulings from this Court to argue issues pending in a parallel state court proceeding, and vice versa. Let one forum deal with all issues in a unitary manner.

3